**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**RAY HERRINGTON**                                                                                  **PLAINTIFF**

**VS.**                                                      **CIVIL ACTION NO. 3:10cv661-CWR-LRA**

**DANIEL BUFORD, ROYAL FREIGHT, LP**
**AND JOHN DOES 1-5**                                                            **DEFENDANTS**

## ORDER GRANTING DEFAULT JUDGMENT ON LIABILITY

This matter came before the Court on Plaintiff's Motion for Default Judgment. Having received oral arguments from Counsel for Plaintiff and reviewed the evidence, the Plaintiff's Motion for Default Judgment [Docket No. 5] is GRANTED.

On November 15, 2010, Herrington filed his complaint in this Court alleging that he was involved in a motor vehicle accident. He requested damages and other relief from the Defendant Royal Freight, L.P. (hereinafter "Royal Freight") [Docket No. 1]. Royal Freight was served with process through its registered agent, Bill Head, by Certified Mail Return Receipt Requested Restricted Delivery, pursuant to Federal Rules of Civil Procedure Rules 4(h)(1)(A) and Rule 4(h)(1)(B) and Mississippi Rules of Civil Procedure Rule 4(c)(5) on December 6, 2010. [Docket No. 3]. Thus, Royal Freight's Answer was due on December 28, 2010. *See* Fed.R.Civ.P. 12(a).

As evidenced by the State of Mississippi Uniform Crash Report attached as Exhibit "A" to Plaintiff's Complaint, Herrington is an adult resident of Raymond, Mississippi; Defendant Daniel Buford is an adult resident of Bow, Wyoming and Defendant Royal Freight; the owner of the vehicle being driven by Defendant Buford, is located in Pharr, Texas. [Docket No. 1]. There is complete diversity between the Plaintiff and Defendants, and Herrington seeks more than

$75,000 in damages. [Docket No. 1], at ¶ 2. Thus, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332.

Herrington's well-pleaded complaint alleges that he was traveling on Gallatin Street in Jackson, Mississippi and approached the intersection of Gallatin and West Street. Defendant Daniel Buford approached the same intersection traveling in an opposite direction on Gallatin Street. As Herrington made a right turn, Defendant Buford turned in front of him causing a collision. Defendant Buford was an agent, servant and/or employee of Defendant, Royal Freight and was acting within the course and scope of his employment. As a result of this collision, Herrington sustained damages. [Docket No. 1], at ¶¶ 7-11. Plaintiff further asserted claims under Mississippi law for negligence, negligent hiring, retention, supervision and control, gross negligence and imputed negligence through the doctrine of respondeat superior [Docket No. 1], at ¶¶ 12-20] and requested compensatory and punitive damages. *Id.*, at ¶¶ 21-24.

As of the date of Plaintiff's Motion for Default Judgment, counsel for Herrington had received no answer or other responsive pleading from Defendant Royal Freight, nor had Royal Freight filed any such document with the Court. Counsel for Herrington served its Motion for Entry of Default Judgment upon Royal Freight on March 1, 2011. The Court set this matter for hearing and said hearing was held on April 19, 2011.

As of the date of this Order, no answer had been received by Defendant Royal Freight. It is the opinion of this Court that Defendant had actual knowledge of the lawsuit as evidenced by the delivery and receipt of the Plaintiff's Complaint and Summons [Docket No. 3] and counsel's certificate of service of Plaintiff's Motion for Entry of Default [Docket No. 9]. During the hearing on the Motion for Default Judgment, the Court received argument and additional evidence from the Plaintiff. The Court finds that Royal Freight's insurer communicated with

counsel for Plaintiff on at least two occasions since the filing of the lawsuit.  Apparently, counsel for Plaintiff did not agree to allow his client to submit to questioning by Defendant's insurer and counsel for Herrington did not provide any other documents or information requested by the insurer.  See [Docket No. 12].  The refusal of counsel to produce this information to defendant's insurer, however, has no bearing on Defendant's obligation to respond to the lawsuit.

Defendant Royal Freight, by its default, admits the factual allegations of the complaint.  See, *Nishimatsu Const. Co., Ltd v. Houston Nat. Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); and *Moore v. International Filing Co., LLC*, 2010 WL 2733116, at *3 (S.D. Miss. 2010).  Default Judgment is proper if the well-pled facts of the complaint, thus admitted as true by the defendant, state a claim for which relief can be granted.  *Id.*  Since the Plaintiff's complaint states a claim pursuant to Mississippi law, the Plaintiff's Motion for Default Judgment is GRANTED as to liability.

The Court further finds that in the Complaint, Plaintiff alleged claims against "Defendant Colonial Freight System, Inc."  See, [Docket No. 1], at ¶¶ 15, 17 and 18.  However, the Court finds that these allegations amounted to a scrivener's error and do not relieve Defendant Royal Freight from the obligation to answer or otherwise respond to the allegations which have been made against it.  Furthermore, as Officers of the Court, counsel for Herrington advised that Herrington did not intend to state any claim against Colonial Freight System, Inc., nor were they seeking any relief against Colonial Freight.  As additional support that the reference to Colonial Freight System, Inc. was a scrivener's error, the Court notes that Colonial Freight System, Inc. is not named as a party in this lawsuit.

It is further ORDERED and ADJUDGED that any and all potential claims of Royal Freight against Herrington related to the accident that occurred on September 29, 2010 are barred

3

as those claims would be a compulsory counter-claim. See Fed.R.Civ.P. 13(a)(1)(A). *See also*, *Campbell v. Castle Stone Homes, Inc.*, 2009 WL 3807178, at *8 (D. Utah 2009)(noting that compulsory counterclaim rule applies to cases where earlier case resolved by a default judgment), *citing* 6 *Charles Alan Wright, Arthur Miller & Edward Cooper*, Federal Practice Procedure, § 1417 at 133-35 (3d.ed).

It is further ORDERED that a hearing on damages will be held on June 30, 2011 at 9:00 a.m. at the United States Courthouse for the Southern District of Mississippi (Jackson Division) before United States District Court Judge Carlton W. Reeves. Prior to said hearing and with no undue delay, but no later than 45 days before said hearing, Plaintiff is ordered to serve Notice of Hearing with a copy of this Order to all Defendants as well as Gina Manning, Adjuster of Phillips & Associates, Inc. at their last known address, the address where they can be found, or the best address available to Plaintiff.

SO ORDERED AND ADJUDGED this 26th day of April, 2011.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE